# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thomas J.,**
**Petitioner Below, Petitioner**

**vs)  No. 18-0233** (Harrison County 14-C-33-1)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas J., by counsel Jason T. Gain, appeals the order of the Circuit Court of Harrison County, entered on February 13, 2018, denying his second amended petition for a writ of habeas corpus. Respondent Ralph Terry, Superintendent of the Mount Olive Correctional Complex, appears by counsel Patrick Morrisey and Shannon Frederick Kiser.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is serving a cumulative sentence of forty to ninety years in the Mount Olive Correctional Complex for his 2010 conviction of four counts of sexual abuse by a parent, two counts of sexual abuse in the first-degree, two counts of sexual abuse in the second-degree, and two counts of incest, all arising from three discrete instances of conduct toward his step-daughter ("the victim"), who was born in 1996. Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Harrison County in 2014. He twice amended the petition before the circuit court conducted an omnibus hearing in 2016.  Prior to the omnibus hearing, petitioner filed a motion to conduct discovery, on the ground that his claims were supported by "newly discovered evidence" in the form of an affidavit taken from his stepson, the victim's brother, D.L. The circuit court conducted a hearing and determined that D.L.'s affidavit expressed an opinion rather than

---

[1]Effective July 1, 2018, the positions formerly designated as "wardens" are now "superintendents." *See* W.Va. Code § 15A-5-3. Since the filing of this appeal in this case, the warden/superintendent has changed and the superintendent is now Donnie Ames. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

evidence, and that D.L. was known to petitioner at the time of petitioner's trial. The circuit court thus denied petitioner's motion to conduct discovery.

The circuit court, with Judge J. Lewis Marks presiding, conducted the omnibus hearing in September of 2016. Petitioner presented evidence meant to demonstrate that his counsel, George Stanton, was ineffective. In particular, petitioner questioned his trial counsel's failure to secure D.L.'s testimony, and counsel's having allowed the State to introduce into evidence, without objection, a Sexual Abuse Nurse's Examination ("SANE") report reflecting that the victim reported that petitioner sexually abused her once or twice a week over the six years preceding petitioner's arrest. Subsequent to the retirement of Judge Marks, the circuit court entered a thirty-three-page order authored by Judge Christopher McCarthy on February 13, 2017, denying the second amended petition.

On appeal, petitioner asserts five assignments of error. He argues that the circuit court: (1) failed to identify D.L.'s testimony as newly discovered evidence; (2) abused its discretion in denying discovery to explore that specific "new" evidence; (3) erred in rejecting expert testimony characterizing petitioner's trial counsel as ineffective; (4) erred in finding trial counsel effective; and (5) "committed clear structural error" in ruling on a petition after an omnibus hearing over which a different circuit court judge had presided. We employ the following standard in our review of these assignments of error:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

To evaluate petitioner's first and second assignments of error, we must consider whether petitioner presented the circuit court with "newly discovered evidence" in the form of an affidavit executed by petitioner's stepson, the victim's brother, D.L. We have previously held that

> [a] new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Syllabus, *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979) (citation omitted). "A new trial on the ground of after-discovered evidence or newly discovered evidence is very seldom granted and the circumstances must be unusual or special." Syl. Pt. 2, *State v. Helmick*, 201 W. Va. 163, 495 S.E.2d 262 (1997) (citation omitted). We agree that D.L.'s affidavit is not newly discovered evidence because the circumstances do not come within the rules described in *Frazier*. It is likely that petitioner would fail to satisfy most, if not all of the rules, and we need touch but briefly on a few. First, it is clear that petitioner was aware of D.L. at the time that he prepared for petitioner's trial, because counsel attempted to contact him. Petitioner has, thus, not shown that D.L. was a "new" witness as required by the first rule. D.L. avers in the affidavit that he informed his counselor at the facility in which he resided at the time that he would speak with petitioner's counsel, making it relatively clear that a lack of diligence prevents petitioner from prevailing on the second rule. Moreover, we agree with the circuit court that D.L. had no testimony to offer that would have changed the outcome of petitioner's trial. The affidavit averred, based on D.L.'s general recollections about the manner in which the household operated, that D.L. did "not believe that [petitioner] could have committed sexual acts against" his sister and that though D.L. "was not in the house every second of every day, there is no way that this happened as she said." The circuit court correctly found that petitioner's statements are of belief, not fact, and do not rise to the level of *Frazier* evidence. We find no error.

Petitioner's third and fourth assignments direct our consideration to the effectiveness of petitioner's trial counsel.[2] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995)(adopting *Strickland*). In support of this assignment of error, petitioner offers a number of conclusory statements, some without citation to the appendix record on appeal, all without discussion, which he characterizes as performance deficiencies. Petitioner

---

[2] Petitioner's third assignment of error states:

> The circuit court erred when it rejected the opinion of noted expert Steven Jory, Esq. who opined that the [p]etitioner's trial was ineffective for his woeful mishandling of 404(b) or, alternatively res gestae evidence when he permitted an unredacted SANE report to be introduced into evidence without addressing the same or requesting a limiting instruction.

Mr. Jory testified that petitioner's trial counsel acted in an objectively unreasonable manner. Petitioner cites no authority to support his argument that the circuit court was bound to accept Mr. Jory's opinion testimony (which is, in fact, the crux of the assignment of error), instead focusing his argument on counsel's handling of the report. We therefore find that petitioner fails on this, his third assignment of error, and we consider trial counsel's treatment of the SANE report within petitioner's fourth assignment of error, in which he generally argues that his trial counsel was ineffective.

simply has provided inadequate description, context, or analysis to allow us to consider the cumulative effect of these isolated occurrences. We are left, then, with petitioner's argument that counsel was ineffective in failing to secure the testimony of D.L.—an argument we dismiss on the ground, discussed above, that if counsel was not diligent, the lack of diligence was harmless—and his argument that his trial counsel failed to object to the introduction of the SANE report, which reflected far more occurrences of sexual misconduct than charged. We agree with the circuit court that, under the premise described in *State v. Harris*, 230 W. Va. 717, 742 S.E.2d 133 (2013), the information relayed to the nurse during the examination underlying the SANE report was intrinsic to the crimes charged and, thus, admissible. We further agree that trial counsel's testimony concerning his decision not to cross-examine witnesses about that information (so as not to draw attention to the report) describes trial strategy that counsel adequately cogitated, and counsel was not ineffective.

In his final assignment of error, petitioner argues that "[u]pon information and belief, there were no transcripts of the evidentiary or omnibus hearings prepared" and Judge McCarthy, the successor judge, failed to "certify that he was familiar with the record" prior to proceeding on the matter, as required by Rule 63 of the West Virginia Rules of Civil Procedure.[3] On this ground, he asserts he is entitled to remand for a new omnibus hearing. Petitioner's malignity of the successor judge is undeserved and incorrect. The circuit court's thorough consideration is evident in the detailed findings set forth in his thirty-three page comprehensive order.[4] Moreover, the circuit court, on the very first page of that order, certified: "[H]aving received the testimony of the . . . witnesses [who appeared at the evidentiary and omnibus hearings], and having reviewed the pleadings filed herein and considered the evidence presented, this [c]ourt does make the following

---

[3] Rule 63 provides:

*Disability of a Judge After Trial.* If at any time after a trial or hearing has been commenced the judge is unable to proceed, any other judge may proceed with the matter upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

[4] Though the order was prepared by counsel, we are presented with no reason to presume that the successor judge did not carefully review the proposed order. "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syl. Pt. 4, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 122 (2012)(citations omitted).

[f]indings of [f]act and [c]onclusions of [l]aw."[5] The successor judge sufficiently certified his familiarity with the record, and we find no error.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:**  January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5] This Court has been asked to interpret Rule 63 only on rare occasion. We note that at least one federal district court, interpreting the federal counterpart to our rule, has found the condition satisfied by a less express method of certification than we do here:

> Rather than claiming that the successor judge gathered the wrong material, the contractors argue that due to the lack of express certification we cannot know whether he reviewed the material he did gather. We think this argument elevates form over substance. Although the successor judge nowhere actually stated that he had reviewed the voluminous appendices of exhibits and transcript excerpts that the parties submitted along with their open issues briefs, we have no doubt that he did. After all, he told the parties that he needed these record excerpts to "satisfy the mandate of Rule 63." . . . The successor judge obviously required this exercise to ensure that the parties directed him to each item in the record relevant to the outstanding issues. We simply do not believe that he then proceeded to ignore these materials in the process of making his findings and conclusions.
>
> To be sure, express certification would have been preferable, for it would have avoided this issue. We find no error here, however, because the procedure the successor judge ordered together with the language he used demonstrate[s] that he complied with Rule 63's basic requirement: that a successor judge become familiar with relevant portions of the record.

*Mergentime Corp. v. Washington Metro. Area Transit Auth.*, 166 F.3d 1257, 1265 (D.C. Cir. 1999).